[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13836
Non-Argument Calendar

_____

D. C. Docket No. 04-00472-CR-LSC-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD H. WOODALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 21, 2006)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Leonard Woodall appeals his convictions for corruptly accepting money, as

an agent for a local government which received federal funds, with the intention of being influenced or rewarded in connection with government business, in violation of 18 U.S.C. § 666(a)(1)(B) and (b); and knowingly and willfully making false statements and representations during the course of an investigation by federal agents, in violation of 18 U.S.C. § 1001(a)(2).

Woodall contends that the district court erred by granting the Government's motion in limine to exclude evidence that the Cherokee County Commission voted to renew the same insurance policy in 2005 after he was indicted on charges that related to the purchase or renewal of the insurance policy, even though he abstained from any participation on the question of the policy's renewal. Woodall asserts that the Government "posed several questions to witnesses that could easily have left the jury with the impression that, once the charged extortion and bribery were exposed, the policy was replaced." He submits that it was "critical" to his defense to show that "no influence or reward would have made sense in the context of the history of [his] votes on the insurance issue." Moreover, the precluded evidence would have shown that his support was not necessary for the policy's continued renewal.

We review for an abuse of discretion a district court's grant of a motion in limine. United States v. Thompson, 25 F.3d 1558, 1563 (11th Cir. 1994). "When

2

employing this standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." United States v. Lyons, 403 F.3d 1248, 1255 (11th Cir.), cert denied, 126 S.Ct. 732 (2005) (internal quotations and citation omitted).

Among other things, 18 U.S.C. § 666(a)(1)(B) prohibits an agent of a local government, which receives federal funds, to "corruptly . . . accept[] or agree[] to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such . . . government . . . involving any thing of value of $5,000 or more." In our view, the evidence Woodall sought to introduce was not relevant to the charges lodged against him and had the potential to confuse the jury; hence, the district court did not abuse its discretion by granting the Government's motion in linine. See Lyons, 403 F.3d at 1256 (finding no abuse of discretion where the evidence excluded was "exceedingly marginal" and "may have confused the jury").

Woodall next contends that the court's instruction to the jury regarding bribery was erroneous. According to Woodall, the instruction allowed the jury to "consider the actions of [Woodall] as if he was charged with an illegal gratuity or . . . a violation of the Hobbs Act, neither of which requires the quid pro quo of a bribery charge." In addition, the instruction "removed the requisite showing of

3

influence or reward by the prosecution" and allowed the jury to convict him "merely upon his admission that he accepted money." He insists that the Government should have been required to show that his official action was "in some manner affected" by the payments that he received.

"We apply a deferential standard of review to a trial court's jury instructions." United States v. Puche, 350 F.3d 1137, 1148 (11th Cir. 2003). "Under this standard, we will only reverse if we are left with a substantial and eradicable doubt as to whether the jury was properly guided in its deliberations." Id. (internal quotations and citation omitted). As noted above, § 666 prohibits an agent of a local government, which receives federal funds, to "corruptly . . . accept[] or agree[] to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such . . . government . . . involving any thing of value of $5,000 or more."

We are satisfied that the court's jury instructions accurately stated the requirements of § 666. We therefore reject the challenge to the instructions, and turn to Woodall's final argument: that the evidence was insufficient to support a conviction on any count of the indictment.

According to Woodall, if Michael Tillery's testimony that he thought the

payment to Woodall was a bribe was "removed from the record," the record would be "void of any evidence from which the jury could even draw an inference of guilt." He also poses as an issue of first impression this question: "whether a prosecution for lying during an investigation can rest upon a difference of opinion between an accused and a prosecutor about whether admitted conduct is illegal." He points out that he never contested any of the facts underlying the transactions that served as the basis for his indictment; he "merely" asserted that the payments he received were campaign contributions instead of bribes. Woodall also contends, regarding Count 5, which alleged that he knowingly made a fraudulent statement during the course of an investigation by federal agents, that the evidence provided by the Government "proved the truth of [his] assertion" and "it remains unclear . . . how this Count was allowed to be submitted to the jury."

We review <u>de novo</u> whether the record contains sufficient evidence to support a jury's verdict. <u>United States v. Harris</u>, 20 F.3d 445, 452 (11th Cir. 1994). In so doing, we consider the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in its favor. <u>Id.</u> "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence

established guilt beyond a reasonable doubt." Id. "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999).

As stated above, § 666 prohibits an agent of a local government, which receives federal funds, to "corruptly . . . accept[] or agree[] to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such . . . government . . . involving any thing of value of $5,000 or more."

Section 1001(a) states in pertinent part:

Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully: . . . (2) makes any materially false, fictitious, or fraudulent statement or representation; . . . shall be fined under this title or imprisoned not more than 5 years, or both.

18 U.S.C. 1001(a) (1996). "Proof of five elements is essential to sustain a conviction under the false statement proscription of § 1001: (1) a statement, (2) falsity, (3) materiality, (4) specific intent, and (5) agency jurisdiction." United States v. Lange, 528 F.2d 1280, 1287 (5th Cir. 1976) (citations omitted).

The record contains the testimony of the federal agent who interviewed Woodall. That testimony, considered in the light of the other evidence presented,

6

was more than sufficient to permit a reasonable jury to convicted Woodall of each of the offenses charged in the indictment.

For the foregoing reasons, Woodall's convictions are due to be, and are,

**AFFIRMED.**